The Honorable Gordon Webb Prosecuting Attorney 14th Judicial District P.O. Box 483 Harrison, AR 72601
Dear Mr. Webb:
This is in response to your request for an opinion regarding the release of Arkansas Crime Information Center ("ACIC") data pursuant to a request under the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992).
You state that the Baxter County Sheriff's Department provides media access to its radio dispatch logs and jail logs. You also state, however, that the radio logs and jail logs contain information that is obtained by the sheriff's department from the ACIC computer system. You indicate that while the sheriff's department and the media both recognize that access to ACIC records is restricted by law, the radio logs and jail logs are nevertheless public records subject to disclosure.[1] Your questions are set out below and answered in the order posed:
 1. Since police dispatch logs and jail logs/cards have been determined to be public records covered by the FOI, should restricted information, such as that available from ACIC and NCIC [National Crime Information Center] be placed on them?
 2. If so, does the ACIC data become part of the public record and open to inspection?
 3. If not, then what steps should the custodian of the public records take to comply with the Freedom of Information Act?
It is my opinion, in response to your first question, that restricted ACIC data should either not be placed in documents that are otherwise available for public disclosure, or the ACIC data should be excised prior to release of the document.
Section 25-19-105(a) requires that all public records be open for inspection and copying by any citizen of the state. As you note, the documents about which you have inquired have been held to be public records. Hengel v. City of Pine Bluff, 307 Ark. 457,821 S.W.2d 761 (1991). This office has noted, however, that the law pertaining to records of the ACIC qualifies as a specific exemption to the open records provisions of the FOIA. See Op. Att'y Gen. Nos. 91-111 and 86-20.
Arkansas Code Annotated §§ 12-12-201—214 (1987 Cum. Supp. 1991) established the Arkansas Crime Information Center and specifically limited access to the data available through the ACIC system. The Arkansas General Assembly has clearly indicated its intent to restrict access to ACIC records in § 12-12-211(a) as follows:
 The center shall make criminal records on persons available only to criminal justice agencies in their official capacity, to regulatory agencies with specific statutory authority of access, and to any person or his attorney who has reason to believe that a criminal history record is being kept on him, or wherein the criminal defendant is charged with either a misdemeanor or felony.[2]
Additionally, § 12-12-212 states that:
 Every person who shall willfully release or disclose to any unauthorized person any information authorized to be maintained and collected under this subchapter and any person who willfully obtains that information for purposes not specified by this subchapter shall be deemed guilty of a felony. Upon conviction that person shall be punished by a fine not exceeding five thousand dollars ($5,000) and by imprisonment in the state penitentiary for not exceeding three (3) years.
In my opinion, the prohibition against releasing ACIC information to unauthorized persons encompasses the records in question. That is, the sheriff's department should either not record ACIC information onto police dispatch logs, jail logs or other public documents which are otherwise subject to public disclosure, or it should excise the ACIC information prior to release of the documents.
The answer to your first question renders a response to your second question unnecessary.
In response to your third question, it is my opinion that, pursuant to a request under the FOIA, the custodian of the records for the sheriff's department should make available all public records that are subject to disclosure. Information in the records which is exempt from public disclosure should, however, be excised prior to release of the records.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] You make reference in your request to "radio dispatch logs," "police dispatch logs," "jail logs," and "jail cards." While you have not indicated what these documents consist of, you do indicate that each is apparently considered by the sheriff's department and media to be a public record subject to disclosure under the FOIA. I will therefore premise my responses on the assumption that these are public records. See A.C.A. §25-19-103(1) and Hengel v. City of Pine Bluff, 307 Ark. 457,821 S.W.2d 761 (1991) (police department jail logs, arrest records and shift sheets are subject to disclosure under the FOIA).
[2] See also Act 605 of 1993, which further restricts access by law enforcement officers to records of the ACIC to only those who have successfully completed the preparatory program of police training required by the Arkansas Commission on Law Enforcement Standards and Training for certification of law enforcement officers.